**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-01348-MSK-KMT**

**VINCENT MARTINEZ,**

       **Plaintiff,**

**v.**

**CAPTAIN FISHER, Department of Corrections;
SERGEANT MORRISON, Department of Corrections; and
OFFICER LARSON, Department of Corrections,**

       **Defendants.**

---

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

      **THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment **(#20)**. The Plaintiff, Vincent Martinez, filed a Response **(#25, 26)**, and the Defendants Replied **(#27)**.

### I. Jurisdiction

The Court exercises subject matter jurisdiction under 28 U.S.C. § 1331.

### II. Issues Presented

      Mr. Martinez, a prisoner, asserts one claim under 42 U.S.C. § 1983 against each Defendant for alleged violations of the Eighth Amendment's prohibition against cruel and unusual punishment. The Defendants each move for summary judgment, arguing that the claim is barred under 42 U.S.C. § 1997(a) because Mr. Martinez failed to exhaust his administrative remedies.

## II. Material Facts

Having reviewed all of the submissions by the parties, and having construed the evidence presented in the light most favorable to Mr. Martinez, the facts material to the motion are as follows.

At all relevant times, Mr. Martinez was a prisoner incarcerated by the Colorado Department of Corrections (CDOC) at the Buena Vista Correctional Facility (BVCF). He was transferred to BVCF in February 2009. Almost immediately after Mr. Martinez arrived at BVCF, he began receiving threats of physical harm from gang members in the prison. Mr. Martinez sent several written kites (prisoner communications) to Captain Fisher, Sergeant Morrison, and another guard, explaining that he was in imminent danger and wished to be removed from the general population. Weeks later, Mr. Martinez had a meeting with Sergeant Morrison on the issue. But he was told that nothing could be done to help him because he was unable to name the individuals who were threatening him.

On May 23, 2009, two of the individuals who had previously threatened Mr. Martinez came into his cell and told him that he had to "pay rent." When Mr. Martinez had no money to give, one of the individuals beat him over the head with a metal object until he lost consciousness. Mr. Martinez alleges that Officer Larson witnessed the assault, but did not come to his aid. Instead, Officer Larson put Mr. Martinez in restraints and took him to solitary confinement.

After the attack, Mr. Martinez was left in solitary confinement without medical aid. His eye swelled shut, he was nauseated and throwing up, and he had severe headaches. The next morning a nurse came but only gave him ice, ibuprofen, and aspirin. Mr. Martinez alleges that he sent kites to Captain Fisher, the Warden, and the Assistant Warden, asking for additional medical help, but he was ignored. When he refused to go back into a cell where he felt unsafe,

Mr. Martinez was put back into solitary confinement.  In June 2009, Mr. Martinez was transferred from BVCF to another facility where he was seen by a medical doctor.

### III.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine

dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.  The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.  If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### IV.  Analysis

The Defendants contend that the claims against them are barred under 42 U.S.C. § 1997e(a) because Mr. Martinez failed to exhaust the administrative remedies available to him.  A defense of failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense, on which the Defendants have the burden of proof.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that a prisoner exhaust all available administrative remedies prior to filing an action regarding prison conditions in federal court.  The exhaustion requirement applies to all inmate lawsuits about prison life, whether they involve general circumstances or particular episodes.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To exhaust administrative remedies in the prison system, an inmate must properly follow all of the steps enumerated in the prison systems' grievance procedure, regardless of whether he or she views the administrative procedure as futile.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Even if the grievance procedure does not permit the kind of remedy sought, such as money damages, exhaustion is still required so long as there is authority to take

some responsive action. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). A prisoner who begins the grievance process, but does not complete it, has not exhausted his administrative remedies and is barred from bringing suit. *Id.*

The Colorado Department of Corrections (CDOC) requires prisoners to complete a three step grievance process in order to exhaust their administrative remedies. Under the applicable regulation, a prisoner must file a Step 1 grievance within 30 days from the date the prisoner knew, or should have known, of the facts giving rise to the grievance. A response is due from the CDOC within 30 days after receipt of the Step 1 grievance. After receiving the CDOC's response, the prisoner then has 5 days to proceed to the next step and file a Step 2 grievance. Again, the CDOC has 30 days to respond, after which, the prisoner has 5 days to proceed to Step 3. The CDOC has 45 days to respond to Step 3 grievances. Step 3 grievances are answered by the grievance officer. The grievance officer's decision is the final agency action.

Evidence submitted by the Defendants shows that there is no record that Mr. Martinez filed any Step 3 grievance regarding the assault on May 23, 2009, or any claim that the Defendants failed to protect him before the assault, failed to come to his aid during the assault, or failed to provide adequate medical treatment after the assault. Mr. Martinez does not dispute the evidence, and indeed, appears to concede in his Response that he did not submit a grievance. In light of the undisputed evidence, the Court finds that Mr. Martinez failed to exhaust his administrative remedies, and thus, his claims are barred by § 1997e.

## V.  Conclusion

For the forgoing reasons, the Defendants' Motion for Summary Judgment is **GRANTED**. Mr. Martinez's claims are **DISMISSED**, without prejudice, for failure to exhaust administrative remedied.  The Clerk of the Court is directed to close this case.

Dated this 4th day of March, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge